# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION TRUST
FUND, WISCONSIN PIPE TRADES HEALTH FUND,
NACARCI FEASTER, PLUMBERS LOCAL 75 HEALTH
FUND, PLUMBERS LOCAL 75 EDUCATION FUND,
PLUMBERS LOCAL 75 INDUSTRY ADVANCEMENT
FUND, PLUMBERS LOCAL 75 401(K) PLAN,
HARRY KREUSER, WISCONSIN SHEET METAL
WORKERS HEALTH AND BENEFIT FUND, MILWAUKEE
AREA SHEET METAL JOURNEYMEN AND
APPRENTICESHIP TRAINING FUND,
WILLIAM HOEPNER,

       **Plaintiffs,**

  **v.**                 Case No. 05-C-1306

PL FREEMAN CO.,

       **Defendant.**

## DECISION AND ORDER

On December 19, 2005, the plaintiffs filed their complaint in this court. The defendant never filed an answer or responsive motion. On April 7, 2006, the plaintiffs filed a "Proof of Publication" with the Court. That document is a sworn statement from a publisher indicating that she published a legal notice related to the instant action. A photocopy of the published amended summons is contained on the face of the publisher's

sworn statement. On June 12, 2006, the plaintiffs requested an entry of default from the clerk of court and an entry of default judgment from the Court.

Rule 4(e) of the Federal Rules of Civil Procedure states that service may be accomplished "pursuant to the law of the state in which the district court is located . . . ." Fed. R. Civ. P. 4(e)(1). The plaintiffs' complaint indicates that the defendant is a domestic corporation. (Compl. ¶ 9.) As such, service must be made consistent with section 801.11(5) of the Wisconsin Statutes. That section prescribes the method for serving a summons upon domestic corporations "[b]y personally serving the summons upon an officer, director or managing agent of the corporation . . . ." Wis. Stat. § 801.11(5)(a). However, "if with reasonable diligence the defendant cannot be served [in this manner], then the summons may be served . . . by publication." Wis. Stat. § 801.11(5)(b).

The Court has reviewed the record of this case thus far, but finds no indication that personal service was attempted on the defendant's agent or representative. Yet, the plain wording of the relevant Wisconsin statute makes such an attempt a condition precedent to the secondary resort of service through publication. Until the plaintiffs satisfy the Court that they have exercised "reasonable diligence" in attempting personal service pursuant to Wis. Stat. § 801.11, the Court cannot accept the proffered service by publication as sufficient. Likewise, until such a showing is made, the clerk of court will not enter default and the Court cannot consider the application for default judgment.

2

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Before further action is taken on plaintiffs' requests for default and default judgment, the plaintiffs must satisfy the Court that they have complied with service requirements under Wisconsin law.

Dated at Milwaukee, Wisconsin this 20th day of June 2006.

        **BY THE COURT**

        s/ Rudolph T. Randa
        **Hon. Rudolph T. Randa**
        **Chief Judge**