# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION TRUST
FUND, WISCONSIN PIPE TRADES HEALTH FUND,
NACARCI FEASTER, PLUMBERS LOCAL 75 HEALTH
FUND, PLUMBERS LOCAL 75 EDUCATION FUND,
PLUMBERS LOCAL 75 INDUSTRY ADVANCEMENT
FUND, PLUMBERS LOCAL 75 401(K) PLAN,
HARRY KREUSER, WISCONSIN SHEET METAL
WORKERS HEALTH AND BENEFIT FUND, MILWAUKEE
AREA SHEET METAL JOURNEYMEN AND
APPRENTICESHIP TRAINING FUND,
WILLIAM HOEPNER,

                Plaintiffs,

      v.                                      Case No. 05-C-1306

PL FREEMAN CO.,

                Defendant.

# DECISION AND ORDER

On December 19, 2005, the plaintiffs filed their complaint in this court. The defendant never filed an answer or responsive motion. On April 7, 2006, the plaintiffs filed a "Proof of Publication" with the Court. That document is a sworn statement from a publisher indicating that she published a legal notice related to the instant action. A photocopy of the published amended summons is contained on the face of the publisher's

sworn statement. On June 12, 2006, the plaintiffs requested an entry of default from the clerk of court and an entry of default judgment from the Court.

In a decision and order dated June 20, 2006, the Court explained that the plaintiffs were required to effect service consistent with Wisconsin law. Domestic corporations are served by personally serving an agent or officer of the corporation. If, after reasonable diligence, a plaintiff cannot serve the agent or officer, service by publication is permitted. In the instant action, the plaintiffs sought entry of default by the clerk of court, but they provided only proof of service by publication. The Court explained that service by publication was a method of second resort. The Court required the plaintiffs to submit proof that they had first attempted service upon the corporation's agent or officer. The Court's order stated that "Before further action is taken on plaintiffs' requests for default and default judgment, the plaintiffs must satisfy the Court that they have complied with service requirements under Wisconsin law." Approximately seven weeks have passed since the entry of that order, and the plaintiffs have not supplemented their request for entry of default.

To expedite matters, the Court will set a date by which the plaintiffs must demonstrate their compliance with service requirements under Wisconsin law. Failure to make this showing will result in dismissal of the action for failure to prosecute.

2

Case 2:05-cv-01306-RTR   Filed 08/14/06   Page 2 of 3   Document 14

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

No later than September 4, 2006, the plaintiffs **SHALL** submit proof to the Court establishing their compliance with service requirements under Wisconsin law. Failure to submit this proof or otherwise move the Court, will result in dismissal of this action for failure to prosecute.

Dated at Milwaukee, Wisconsin this 14th day of August, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**